SANDERS, Chief Justice.
The defendant, Jerome Franklin, was convicted of the distribution of a controlled dangerous substance, methamphetamine, listed in LSA-R.S. 40:964, Schedule IIIA(2). On a defense motion in arrest of judgment, the trial court declared that Schedule III A (2) was unconstitutional, a judgment that the court had already handed down at the instance of Franklin’s co-defendant, Jimmy T. Slayton. The court held that the pertinent portion of the statute was vague and overbroad. The State has appealed.
Schedule IIIA(2) of LSA-R.S. 40:964 provides:
"Unless specifically excepted or unless listed in another Schedule, any material, compound, mixture, or preparation which contains any quantity of the following substances having a stimulant effect on the central nervous system:
‡ * * * * *
“(2) Any substance (except an inject-able liquid) which contains any quantity of methamphetamine, including its salts, isomers, and salts of isomers[.]”
Recently, in State v. Slayton, La., 301 So.2d 600 (1974), this Court upheld the constitutionality of the statute against an identical attack made by the co-defendant. We stated:
“ * * * We conclude that the legislature intended by the use of the phrase ‘including its isomers’ in Schedule IIIA(2) of R.S. 40:964 only those isomers of methamphetamine which are subject to abuse. Furthermore, it should be noted that paragraph A under Schedule III specifically mentions substances ‘having a stimulant effect on the central nervous system.’ Under the clear wording of this provision of the statute, ‘including its . isomers’ would be limited to only those substances which would have a stimulant effect on the central nervous system. Thus, we find that the phrase ‘including its . isomers’ as used in Schedule III A (2) means not only those methamphetamine isomers which are subject to abuse, but which also have a stimulant effect on the central nervous system.
*129 “Hence, the language of Schedule IIIA(2) of R.S. 40:964 is not vague or overly broad. It is clear and provides an adequate warning to a person of ordinary intelligence as to the particular conduct which that subsection makes criminal. Therefore, Schedule IIIA (2) of R.S. 40:964 is constitutionally valid.”
That holding is dispositive of the present appeal. We hold the statute to be consitu-tional.
For the reasons assigned, the ruling of the district court granting the defendant’s motion in arrest of judgment is reversed, the motion is overruled, and the case is remanded to the district court for further proceedings consistent with law and the views herein expressed.